IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STATE OF ALABAMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:24-00136-JB-N |
| | ) |
| KENNETH DOUGLAS BERGER, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court, *sua sponte*, for review of subject matter jurisdiction. For the reasons set out below, the Court concludes it lacks subject-matter jurisdiction of this action and, therefore, it is due to be REMANDED to the District Court of Baldwin County, Alabama from which it was removed.

This action was commenced by the State of Alabama against Defendant for traffic violations in the District Court of Baldwin County. (*State of Alabama v. Berger*, Case No. TR-2023-406449.00). Defendant removed the action on April 26, 2024. (Doc. 1). In his Notice of Removal, Defendant invokes federal question jurisdiction. (*Id.*). The federal question, according to Defendant, is whether Baldwin County District Judge William E. Scully Jr. "has the authorization to violate his ministerial duties." (Doc. 1).

## DISCUSSION

This Court is a court of limited jurisdiction, and as such "may *sua sponte* consider subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes that subject matter jurisdiction is lacking." *Cantrell v. Dep't of Veteran Affairs*, 2021 U.S. Dist. LEXIS

184659, *2 – 3 (S.D. Ala. Sept. 27, 2021) (quoting *Jackson v. Farmers Ins. Group/Fire Ins. Exchange,* 391 F. App'x 854, 856 (11th Cir. 2010)).  In removed actions in particular, courts "must patrol the limits of their jurisdiction, and a district court must remand a case *sua sponte* if the court lacks subject matter jurisdiction."  *Watson v. Smith*, 2010 U.S. Dist. LEXIS 29275, *6 (M.D. Ala. March 23, 2010) (citing 28 U.S.C. 1447(c) and *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009)).  *See also Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.,* 561 F.3d 1294, 1296 (11th Cir. 2009) ("The district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time." (citing 28 U.S.C. § 1447(c)).

In cases removed from state court, "[t]he burden of establishing subject matter jurisdiction falls on the party invoking removal." *Miller v. Walgreens Co., Inc.*, 2023 U.S. Dist. LEXIS 173883, *2 (S.D. Ala. Sept. 28, 2023) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411-12 (11th Cir. 1999).  Defendant, the removing party here, has failed to establish federal subject matter jurisdiction.  To the limited extent Defendant's pleadings are coherent, he has removed a traffic citation prosecution filed by the State of Alabama in the District Court of Baldwin County, Alabama.  Neither that prosecution nor any alleged failure by the Baldwin County Judge to perform "his ministerial duties" constitutes a federal question.  Defendant has failed to establish any basis of federal jurisdiction for removal.

## CONCLUSION

For the reasons stated here, it is ORDERED that this action is REMANDED to the District Court of Baldwin County, Alabama.

**DONE and ORDERED** this 24th day of June, 2024.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE